# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Babcock Center, Inc., ) | |
| ) | C/A No. 3:11-01721-CMC |
| Plaintiff, ) | C/A No. 3:11-03155-CMC |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America, acting by and ) | |
| through its agency, the Internal Revenue ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| Babcock Center, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| United States of America, acting by and ) | |
| through its agency, the Internal Revenue ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The United States moved to dismiss Babcock Center's claim for refund for the tax quarter ending December 31, 2007, arguing that Babcock Center did not file a claim for refund with the IRS for this period as is required prior to bringing suit in district court. Dkt. No. 43-1 at 28. Babcock Center responded that, although it did not file a formal claim for refund for the fourth tax quarter of 2007, its refund claim should be allowed as an informal claim. The United States did not respond to Babcock Center's argument in reply. The court, therefore, denied the United States' motion based on inadequate briefing. Through its pre-trial brief, the United States has adequately briefed this issue. Dkt. No. 86 at 5-6. Finding that the court lacks jurisdiction over Babcock Center's refund

1

claim for the fourth quarter of 2007, the court dismisses this claim.

**DISCUSSION**

The United States argues that the court lacks jurisdiction over Babcock Center's refund claim for the fourth quarter of 2007 because Babcock Center never submitted to the IRS a formal claim for refund for this tax period prior to filing this action, as required by 26 U.S.C. § 7422(a).[1] On April 4, 2010, Babcock Center sent a claim for refund and request for abatement for the tax period January 31, 2007 though September 30, 2007. Dkt. No. 44 at 6 (Form 843). All accompanying documents for the claim for refund (cover letter and memorandum in support) also specifically list the tax periods as ending March 31, 2007, June 30, 2007, and September 30, 2007. Dkt. No. 44 at 1, 7, 9, 10.

Babcock Center argues that, although it did not file a formal claim for refund for the fourth quarter of 2007, Babcock Center referenced the tax quarter ending December 31, 2007 "in its appeal before the Internal Revenue Service Office of Appeals." Dkt. No. 57 at 29 (citing Dkt. No. 57-15 at 1). The cited reference is included in a "Statement of Facts and Law Supporting Request for Abatement of Penalties" dated December 4, 2009, and lists the tax periods as "03/2007, 06/2007, 09/2007" at the top of the document. The reference is included in the text as follows:

> The government funding can be sporadic and intermittent. In striving to carry out Babcock Center's mission, budgeting and cash management are difficult due to the nature of its funding. Such has been the case over the last few years, including the quarters ending June 30, September 30, and December 31, 2007, resulting in

---

[1] 26 U.S.C. § 7422(a) provides:
No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

2

>Babcock Center's inability to make timely payment and deposit of its payroll tax liabilities.

Dkt. No. 57-15 at 1. Babcock Center argues that, based on this reference, "the Commissioner was on notice that Babcock Center sought refund and abatement of the penalties and interest pertaining to this quarter." *Id.* at 29. Babcock Center argues that, assuming the omission on Form 843 disqualifies the claim as a formal claim for the period ending December 31, 2007, the claim should be allowed as an informal claim. *Id.* (citing *Newton v. United States*, 163 F. Supp. 614, 619 (Ct. Cl. 1958) (In determining whether an informal claim has been made, "each case must be decided on its own peculiar set of facts with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made."); *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 297 (1945) ("[t]he Commissioner's attention should have been focused on the merits of the particular dispute" by the alleged informal claim)).

 The United States argues that the cited reference to the tax quarter ending December 31, 2007 does not constitute an informal claim. An informal refund claim must provide "clear notice of a demand for a refund," be in writing, and be "sufficiently specific to apprise the IRS that the taxpayer desires a refund and to pin-point the area of dispute, thereby facilitating an examination of the claim if appropriate." *Miller v. United States*, 949 F.2d 708, 711 (4th Cir. 1991). The one reference to December 31, 2007 in Babcock Center's Statement of Facts in support of a refund of penalties for the tax periods for "03/2007, 06/2007, 09/2007" is insufficient to put the IRS on notice that Babcock Center sought a refund of penalties assessed for the fourth quarter of 2007. *See Miller*, 949 F.2d at 712 ("it is insufficient for a taxpayer to argue that the IRS possessed information from which it could deduce that the taxpayer is entitled to or desires a refund"). Further, even assuming the reference provided notice to the IRS of Babcock Center's claim for refund for the fourth quarter of 2007, there is no evidence that Babcock Center ever attempted to perfect its informal claim by filing a formal

3

claim with the IRS. *See, e.g.*, *PALA, Inc. Empl. Profit Sharing Plan and Trust Agreement v. United States*, 234 F.3d 873, 879 (5th Cir. 2000) (finding letter to IRS, which provided notice of claim to refund, was insufficient because it "was not subsequently amended by a formal claim"), *Kaffenberger v. United States*, 314 F.3d 944, 955 (8th Cir. 2003) ("An informal claim which is partially informative may be treated as valid even though 'too general' or suffering from a 'lack of specificity'– at least where those defects have been remedied by a formal claim filed after the lapse of the statutory period but before the rejection of the informal request.") (internal quotations omitted); *Follum v. United States*, No. 5:07-CV-13-F, 2007 WL 2847930, *2 (W.D.N.C. Aug. 8, 2007) ("[E]ven if Petitioner's tax returns, the request for hearing or the petition were considered an informal claim for refund, the fact remains that Petitioner has not filed a formal administrative claim."), *aff'd per curiam*, 267 F. App'x 308, 2008 WL 582511 (4th Cir. Mar. 3, 2008). Accordingly, the court lacks jurisdiction over Babcock Center's claim for refund of penalties paid for the fourth quarter of 2007.

## CONCLUSION

The court dismisses Babcock Center's claim for refund of penalties paid for the fourth quarter of 2007 (tax period ending December 31, 2007) for lack of jurisdiction. The remaining tax quarters at issue for trial are the first, second, and third quarters of 2007, and the second and third quarters of 2008.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 4, 2013