UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Babcock Center, Inc., ) | |
| ) | C/A No. 3:11-01721-CMC |
| Plaintiff, ) | C/A No. 3:11-03155-CMC |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America, acting by and ) | |
| through its agency, the Internal Revenue ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| Babcock Center, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| United States of America, acting by and ) | |
| through its agency, the Internal Revenue ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's motion, filed on June 17, 2013, one week prior to trial, to reconsider two of the court's prior orders. Dkt. No. 99. On June 19, 2013, Defendant responded to Plaintiff's motion. Plaintiff replied on June 20, 2013. Dkt. No. 104. For reasons stated below, the court denies Plaintiff's motion.

**I. Fourth Quarter of 2008 (May 2, 2013 Order)**

Plaintiff filed a motion to reconsider the court's May 2, 2013 order (Dkt. No. 79) granting summary judgment in favor of Defendant as to Plaintiff's claim for refund of penalties for the fourth

1

quarter of 2008. The court found that Plaintiff's "failures to deposit and pay payroll taxes in the last quarter of 2008 were due to willful neglect." As a result, the court held that Plaintiff was not entitled to a refund of penalties under the reasonable cause exception. Dkt. No. 79 at 10. In its motion for summary judgment, Defendant highlighted evidence showing that confusion among staff as to who was depositing payroll taxes was the cause of the failures to deposit and pay payroll taxes in the fourth quarter of 2008. Dkt. No. 43-1 at 9, 23. In response, Plaintiff generally cited to a witness's affidavit, which stated that the payroll tax failures in 2007 and 2008 were due to insufficient cash on hand, without mentioning any confusion among staff as to the party responsible for making those payments. Dkt. No. 57 at 12-13. Concluding that a witness's subsequent affidavit cannot create a dispute about a fact contained in an earlier deposition, the court found there was no factual dispute as to the cause of failures to deposit and pay in this tax quarter. Dkt. No. 79 at 9 n.10. Now, Plaintiff argues that there is a factual dispute as to the cause of the failures by citing to different portions of deposition testimony.

Plaintiff moves the court to reconsider under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure. Rule 59(e) allows the court to alter or amend an earlier judgment "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*,

2

51 F.3d 746, 749 (7th Cir. 1995)).

The court's May 2, 2013 order did not result in the entry of judgment because that order did not resolve all claims presented by Plaintiff. Accordingly, the court considers Plaintiff's motion to reconsider the court's May 2, 2013 order as a Rule 60(b) motion.

Having construed Plaintiff's motion as one for relief pursuant to Rule 60, the court determines that Plaintiff is proceeding under Rule 60(b)(6), as no other subsection of Rule 60(b) is applicable in this circumstance. Indeed, Plaintiff only cites subsection (b)(6) when describing the grounds for relief under Rule 60(b). Dkt. No. 99. Rule 60(b)(6) states in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Rule 60(b)(6) permits the court to vacate orders whenever such action is appropriate to accomplish justice and where relief might not be available under any other clause in 60(b). *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999). Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000) (internal quotation marks omitted). The Fourth Circuit has described Rule 60(b)(6) as serving as the court's "grand reservoir of equitable power to do justice in a particular case." *National Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 266 (4th Cir.1993) (internal quotation marks omitted).

This is not a case in which the court's May 2, 2013 order must be vacated to accomplish justice. Plaintiff's motion to reconsider raises new arguments that could have been raised prior to the issuance of the court's order. The court, therefore, denies Plaintiff's motion to reconsider the court's order granting summary judgment in favor of Defendant on Plaintiff's claim for refund of

penalties for the fourth quarter of 2008.[1]

### II. Fourth Quarter of 2007 (June 4, 2013 Order)

Plaintiff's motion to reconsider also addresses the court's June 4, 2013 order (Dkt. No. 96) dismissing Plaintiff's claim for refund of penalties for the fourth quarter of 2007 for lack of jurisdiction. Defendant had previously moved to dismiss Plaintiff's claim for refund for this tax quarter, arguing that Plaintiff did not file a claim for refund with the IRS for this period as is required prior to bringing suit in district court. Dkt. No. 43-1 at 28-29. Plaintiff responded that its prior

---

[1] To the extent Plaintiff's motion to reconsider is one under Rule 54(b), the court reaches the same result. Pretrial rulings remain subject to reconsideration by the trial court "and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–515 (4th Cir. 2003) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)). While Rule 54(b) allows the trial court to conduct a *de novo* review of its pretrial rulings, countervailing considerations suggest the court should modify a prior ruling only when the court is convinced that a prior ruling was incorrect or that changes in the record or the stage of the proceeding justify modification. *See generally* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, 18A Federal Practice and Procedure § 4478.1 (2d ed. as supplemented through 2010) (discussing competing interests).

The grounds for review of non-final rulings are not, therefore, as constrained as those applicable to review of judgments. *See generally Saint Annes Devel. Co. v. Trabich*, 443 Fed. Appx. 829, 832 (4th Cir. 2011) (reversing district court for applying Fed. R. Civ. P. 59(e) standard to non-final ruling); *but see Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005) (suggesting a more constrained standard of review). Although not limited by the Rule 59(e) standard, the court finds that standard instructive as a general guide for considering when modification of a non-final ruling may be appropriate. *See generally Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (recognizing three limited grounds for relief under Rule 59(e) – (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice – and noting that a party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion).

Plaintiff has not convinced the court that its prior ruling was incorrect, and Plaintiff has certainly not identified any new evidence that was previously unavailable. The court would, therefore, deny any request to reconsider the court's May 2, 2013 order under Rule 54(b).

filings satisfied the requirements, either as a formal claim or informal claim. Dkt. No. 57 at 29-30. Because Defendant failed to respond to Plaintiff's argument in reply, the court denied Defendant's motion to dismiss the claim for this tax quarter based on inadequate briefing, particularly as to the issue of whether Plaintiff had filed an informal claim. Dkt. No. 79 at 24. Through its pre-trial brief, Defendant adequately briefed the issue. Dkt. No. 86 at 13-16. Determining that the court lacked jurisdiction over the claim for refund for the fourth quarter of 2007, the court dismissed this claim. Dkt. No. 96. In its motion to reconsider, Plaintiff argues that the court has jurisdiction because it (1) filed a formal claim for refund, or (2) alternatively filed an informal claim, which was cured by the recent filing of a formal claim on June 14, 2013.

Under either Rule 54(b), 60(b)(6) or 54(b), the court finds that Plaintiff has not shown that it is entitled to relief from the court's dismissal of Plaintiff's claim for refund for the fourth quarter of 2007. For the reasons stated in the court's June 4, 2013 order, the evidence cited by Plaintiff does not indicate that it filed a formal claim for refund of penalties for this tax period prior to filing this action. The additional cited letter from the IRS to Amy Cain of the Babcock Center similarly fails to indicate that Plaintiff ever filed a formal claim for refund of penalties for the fourth quarter of 2007 prior to this action. Neither do these documents satisfy the requirements for an informal claim.

Even assuming that these documents constitute an informal claim, Plaintiff has failed to perfect its claim by timely filing a formal claim. *See, e.g.*, *PALA, Inc. Empl. Profit Sharing Plan and Trust Agreement v. United States*, 234 F.3d 873, 879 (5th Cir. 2000) (finding letter to IRS, which provided notice of claim to refund, was insufficient because it "was not subsequently amended by a formal claim"), *Kaffenberger v. United States*, 314 F.3d 944, 955 (8th Cir. 2003) ("An informal claim which is partially informative may be treated as valid even though 'too general' or suffering

from a 'lack of specificity'– at least where those defects have been remedied by a formal claim filed after the lapse of the statutory period but before the rejection of the informal request.") (internal quotations omitted); *Follum v. United States*, No. 5:07-CV-13-F, 2007 WL 2847930, *2 (W.D.N.C. Aug. 8, 2007) ("[E]ven if Petitioner's tax returns, the request for hearing or the petition were considered an informal claim for refund, the fact remains that Petitioner has not filed a formal administrative claim."), *aff'd per curiam*, 267 F. App'x 308, 2008 WL 582511 (4th Cir. Mar. 3, 2008). Although Plaintiff argues that it submitted a formal claim for refund of penalties paid for the fourth quarter of 2007 six days ago (Dkt. No. 99-6), this late filing does not cure the jurisdictional defect. *See* 26 U.S.C. § 6532 (a)(1)[2] (requiring a taxpayer to wait to file a lawsuit in district court until after the IRS denies a request for refund, or until six months after a claim is filed, whichever comes first). Plaintiff has cited no authority that a taxpayer may perfect an informal claim by filing a formal claim after it has filed suit in district court, without a decision by the IRS as to whether a refund will be awarded, and on the eve of trial.[3] The court, therefore, concludes that Plaintiff has

---

[2] 26 U.S.C. § 6532 (a)(1) provides:
No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

[3] In reply, Plaintiff cites to *United States v. Kales*, 314 U.S. 186 (1941), for the proposition that a later filed formal claim curing the defects of an informal claim "relates back to the date of notice to the Commissioner of Babcock Center's [informal] claim." Dkt. No. 104 at 4. Although a formal claim filed after the limitations period has run may relate back to an informal claim to save a taxpayer's claim for refund, nothing in *Kale* suggests that the taxpayer need not wait for a decision from the IRS on the claim for refund (or alternatively six months after filing the claim in which no decision has been made) prior to filing suit in district court. In *Kales*, the taxpayer filed a formal claim after the limitations period, which the court held related

failed to demonstrate it is entitled to relief from the court's June 4, 2013 order dismissing its claim for refund for the fourth quarter of 2007 for lack of jurisdiction.

## CONCLUSION

Plaintiff's motion to reconsider is denied.

**IT IS SO ORDERED.**

                    S/ Cameron McGowan Currie
                    CAMERON MCGOWAN CURRIE
                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 20, 2013

---

back to an informal claim submitted within the limitations period. 314 U.S. at 191. The IRS denied the taxpayer's claim for refund based on the statute of limitations. *Id.* at 191-92. The taxpayer then filed suit in district court. *Id.* at 192. The facts and procedural posture of *Kale*, therefore, do not support Plaintiff's proposition. In other words, the relation back doctrine does not cure the jurisdictional defect in this case. Principles of administrative law weigh in favor of agency action prior to federal litigation. Nothing in the record shows that the IRS has denied Plaintiff's claim for refund for the fourth quarter of 2007, and six months have not passed since the perfection of Plaintiff's informal claim, as required by 26 U.S.C. § 6532 (a)(1).